TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Kathy Race*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy Race, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia company, Experian Information Solutions, Inc., an Ohio corporation, Trans Union, LLC, a Delaware limited liability company, and United Tranzactions, LLC, a foreign L.L.C., | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, KATHY RACE, BY AND THROUGH COUNSEL, TRINETTE G. KENT, who, for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. This court has jurisdiction under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p; Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d); and 28 U.S.C. §§1331,1337.

## **VENUE**

2. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## **PARTIES**

4. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a Georgia company that maintains a registered agent in Maricopa County, Arizona;

   b. Experian Information Solutions, Inc. ("Experian") is a Ohio corporation that maintains a registered agent in Maricopa County, Arizona;

   c. Trans Union, LLC ("Trans Union") is a Delaware limited liability company that maintains a registered agent in Maricopa County, and

   d. United Tranzactions, LLC ("United Tranzactions") is a foreign limited liability company that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

5. In August, 2016, Mrs. Race paid off her 2015 Nissan Altima.

6. On or about September 14, 2016, Mrs. Race received a letter from Nissan, which stated that her contract obligation had been satisfied.

7. On or about September 15, 2016, Mrs. Race received a letter from Nissan, which certified that the lien had been satisfied as of August 31, 2016.

8. On or about January 4, 2017, Mrs. Race obtained her credit files and noticed that United Tranzactions was reporting a trade line with account number 91XXXX that was allegedly owed to Nissan with a balance of $525.00 ("Errant Trade Line").

9. Mrs. Race does not owe any balance to Nissan or United Tranzactions. Accordingly, on or about February 28, 2017, she submitted a letter to Equifax, Experian and Trans Union ("CRAs") disputing the Errant Trade Line. In the dispute letter, she stated that the balance was wrong as she paid her account in full. She attached the above two Nissan letters, confirming the same. She

requested that the past due amount and balance be removed, and she requested that the trade line be reported as paid.

10. Upon information and belief, the CRAs forwarded Mrs. Race's consumer dispute to United Tranzactions.

11. On or about March 23, 2017, Mrs. Race received Experian's investigation results, which showed that United Tranzactions retained the balance of $525 on the Errant Trade Line. Further, United Tranzactions failed to flag the trade line as disputed.

12. On or about March 26, 2017, Mrs. Race received Equifax's investigation results, which showed that United Tranzactions retained the balance of $525.00 on the Errant Trade Line. Further, United Tranzactions failed to flag the trade line as disputed.

13. On or about April 1, 2017, Mrs. Race received Trans Union's investigation results, which showed that United Tranzactions retained the balance of $525.00 on the Errant Trade Line. Further, United Tranzactions failed to flag the trade line as disputed.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages.  Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain

4

from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY UNITED TRANZACTIONS

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(2)(a) by misrepresenting the character, amount, or legal status of any debt. Defendant misrepresented the amount of the

debt by reporting a balance on Plaintiff's Equifax, Experian and Trans Union credit file even though Plaintiff does not owe a balance;

b. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. Defendant violated this provision when it failed to flag the Errant Trade Line as disputed on Plaintiff's Experian, Equifax and Trans Union credit file;

c. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt. Defendant violated this provision by reporting a balance on Plaintiff's Equifax, Experian and Trans Union credit file even though Plaintiff does not owe a balance; and

d. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant violated this provision by reporting a balance on Plaintiff's Equifax, Experian and Trans Union credit file even though Plaintiff does not owe a balance.

20. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT II

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY UNITED TRANZACTIONS

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by the CRAs of Mrs. Race's consumer dispute of the incorrect balance of the Errant Trade Line, United Tranzactions negligently failed to conduct a proper investigation of Mrs. Race's dispute as required by 15 USC 1681s-2(b).

23. United Tranzactions negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to review the documents attached to Plaintiff's dispute, and it failed to direct the CRAs to correct the Errant Trade Line.

24. The Errant Trade Line is inaccurate and creating a misleading impression on Mrs. Race's consumer credit file with the CRAs to which it is reporting such trade line.

25. As a direct and proximate cause of United Tranzactions's negligent failure to perform its duties under the FCRA, Mrs. Race has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. United Tranzactions is liable to Mrs. Race by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

27. Mrs. Race has a private right of action to assert claims against United Tranzactions arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant United Tranzactions for damages, costs, interest, and attorneys' fees.

## COUNT III

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY UNITED TRANZACTIONS

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by the CRAs that Mrs. Race disputed the accuracy of the information it was providing, United Tranzactions willfully failed to conduct a proper reinvestigation of Mrs. Race's dispute.

30. United Tranzactions willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

31. As a direct and proximate cause of United Tranzactions's willful failure to perform its duties under the FCRA, Mrs. Race has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

32. United Tranzactions is liable to Mrs. Race for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant United Tranzactions for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IV

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Race as that term is defined in 15 USC 1681a.

35. Such reports contained information about Mrs. Race that was false, misleading, and inaccurate.

36. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Race, in violation of 15 USC 1681e(b);

9

relying upon the investigation of United Tranzactions rather than conducting a reasonable reinvestigation of its own.

37. After receiving Mrs. Race's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.  Specifically, it failed to review the documents attached to Plaintiff's dispute, and failed to correct the Errant Trade Line.

38. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mrs. Race has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

39. Equifax is liable to Mrs. Race by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT V

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

40. Plaintiff realleges the above paragraphs as if recited verbatim.

10

41. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Race as that term is defined in 15 USC 1681a.

42. Such reports contained information about Mrs. Race that was false, misleading, and inaccurate.

43. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Race, in violation of 15 USC 1681e(b).

44. After receiving Mrs. Race's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mrs. Race has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

46. Equifax is liable to Mrs. Race by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Race as that term is defined in 15 USC 1681a.

49. Such reports contained information about Mrs. Race that was false, misleading, and inaccurate.

50. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Race, in violation of 15 USC 1681e(b); relying upon the investigation of United Tranzactions rather than conducting a reasonable reinvestigation of its own.

51. After receiving Mrs. Race's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.  Specifically, it failed to review the documents attached to Plaintiff's dispute, and failed to correct the Errant Trade Line.

52. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mrs. Race has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

53. Experian is liable to Mrs. Race by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

54. Plaintiff realleges the above paragraphs as if recited verbatim.

55. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Race as that term is defined in 15 USC 1681a.

56. Such reports contained information about Mrs. Race that was false, misleading, and inaccurate.

57. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Race, in violation of 15 USC 1681e(b).

58. After receiving Mrs. Race's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

59. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mrs. Race has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

60. Experian is liable to Mrs. Race by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VIII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

61. Plaintiff realleges the above paragraphs as if recited verbatim.

62. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Race as that term is defined in 15 USC 1681a.

63. Such reports contained information about Mrs. Race that was false, misleading, and inaccurate.

64. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Race, in violation of 15 USC 1681e(b); relying upon the investigation of United Tranzactions rather than conducting a reasonable reinvestigation of its own.

65. After receiving Mrs. Race's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.  Specifically, it failed to review the documents attached to Plaintiff's dispute, and failed to correct the Errant Trade Line.

66. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mrs. Race has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

67. Trans Union is liable to Mrs. Race by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IX

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

68. Plaintiff realleges the above paragraphs as if recited verbatim.

69. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Race as that term is defined in 15 USC 1681a.

70. Such reports contained information about Mrs. Race that was false, misleading, and inaccurate.

71. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Race, in violation of 15 USC 1681e(b).

72. After receiving Mrs. Race's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

73. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mrs. Race has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

74. Trans Union is liable to Mrs. Race by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c. Costs and attorneys' fees; and

d. Any other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by Jury.

DATED: April 27, 2017

                                  KENT LAW OFFICES

                                  By: */s/ Trinette G. Kent*
                                  Trinette G. Kent
                                  Attorneys for Plaintiff,
                                  Kathy Race